UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

MEA S. MAIZAH,                           )
                                         )
            Plaintiff                    )
                                         )
      v.                                 )          No. 2:25-cv-00287-LEW
                                         )
ABBOTT LABORATORIES INC.,                )
                                         )
            Defendant                    )

**ORDER ON MOTION TO COMPEL ARBITRATION AND MOTION TO
CONSOLIDATE CASES**

The matter is before the Court on Defendant Abbott Laboratories' Motion to Compel

Arbitration (ECF No. 8) and Motion to Consolidate (ECF No. 26). The related case

involved in the request for consolidation is *Maizah v. Dill*, No. 2:25-cv-608-LEW. Plaintiff

Mea S. Maizah opposes the motions. The parties have thoroughly briefed the issues,

leaving no stones unturned. I see no need for oral argument in light of the thoroughness of

the briefing. I rule in memorandum fashion for the same reason, and because the issues

are clearly headed to Boston.

On the subject of the date on which the dispute arose between Plaintiff and

Defendant, I agree with Defendant that the latest logical date is the date of Defendant's

termination of Plaintiff's employment. Plaintiff alleges that her termination was imposed

in a manner designed to humiliate her in retaliation for her opposition to alleged workplace

harassment. *See* Compl. ¶¶ 8, 84, 85. Because the parties' dispute concerns the termination

of the employment relationship and events precedent to the termination, the date on which

that relationship terminated is the most logical, latest date on which their dispute arose. *See* Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), Pub. L. 117-90, § 3, 136 Stat. 26, 28, codified at 9 U.S.C. §§ 401-402 (statutory note establishing effective date); *see also Cornelius v. CVS Pharmacy, Inc.*, 133 F.4th 240, 247-48 (3d Cir. 2025). Plaintiff certainly knew that a dispute had arisen; she was employing counsel even before the date of her termination. *See* PageID#137. And to have acted as alleged, Defendant would have known that it was acting on a disputed justification in retaliation against Plaintiff's reports. Because the date of termination (December 31, 2021) preceded the effective date of the EFAA (March 3, 2022), the Arbitration Agreement is not invalidated by the EFAA.

On the subject of Defendant's ability to enforce the Arbitration Agreement, I find that the integration/merger clause contained in the employment agreement with Aerotek, PageID#158 ¶ 20, does not override the contemporaneously executed Arbitration Agreement, because the "subject matter" of the venue for dispute resolution is addressed only in the Arbitration Agreement and not in the employment agreement. Furthermore, because Defendant is manifestly an intended third-party beneficiary of the Arbitration Agreement, which expressly confers its benefits on Aerotek's clients, Defendant validly seeks to enforce the Arbitration Agreement against Plaintiff, who is a signatory of the Agreement. *Morales-Posada v. Cultural Care, Inc.*, 141 F.4th 301, 314–15 (1st Cir. 2025); *Ouadani v. TF Final Mile LLC*, 876 F.3d 31, 39 (1st Cir. 2017); *Thompson v. Witherspoon*, 12 A.3d 685, 696 (Md. 2011); *Notre Dame v. Morabito,* 752 A.2d 265, 276 (Md. 2000) ("In determining whether a party is a third party beneficiary to a contract, the controlling

2

issue is whether the contract's terms, in light of the surrounding circumstances, reveal an intent to make the promise to the third party in fact if not in form.").

On the subject of Mr. Dill's ability to enforce the Arbitration Agreement, I find that he is not an expressly intended beneficiary of the Arbitration Agreement. However, "when 'a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements.'" *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1, 11 (1st Cir. 2014) (quoting *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 7 F.3d 1110, 1121 (3d Cir. 1993) and discussing the unanimous view of those circuits that have addressed the question). The First Circuit has the authority to carve out exceptions to this broadly worded assertion. I do not.

Finally, there is no real doubt that this case and *Maizah v. Dill* ordinarily would be proper cases for consolidation. I would only reevaluate that presumption if the two cases were destined to be heard in different forums. But based on my findings and conclusions, both cases are destined for arbitration. Accordingly, consolidation is warranted.

### CONCLUSION

Defendant's Motion to Compel (ECF No. 8) is GRANTED. Plaintiff's Motion to Consolidate (ECF No. 26) is GRANTED. This case will be subject to a stay pending arbitration. *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024).

SO ORDERED.

Dated this 21st day of May, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

3